JAMES L. CARVER, JR. and S. DUANE SOUTHERLAND, JR., as Trustees of the Trust under Item V of the Will of Elizabeth Carver, Deceased, Plaintiffs
v.
JEAN F. CARVER, Administratrix CTA of the Estate of Elizabeth Carver, Deceased, and NORTH CAROLINA STATE UNIVERSITY, Defendants
No. COA07-263
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Bryant, Patterson, Covington, Idol & Lewis, P.A., by David O. Lewis, for plaintiff-appellants.
McPherson & Rocamora, PLLC, by Larry H. Rocamora, for defendant-appellee Jean F. Carver, Administratrix CTA of the Estate of Elizabeth Carver, Deceased.
Attorney General Roy A. Cooper, III, by Special Counsel Charles J. Murray, for defendant-appellee North Carolina State University.
HUNTER, Judge.
James L. Carver, Jr., and S. Duane Southerland, Jr. ("plaintiffs"), appeal from the granting of summary judgment to Jean F. Carver and North Carolina State University ("NCSU" or "the university") (collectively "defendants"). After careful review, we affirm.

I.
Elizabeth Carver died on 24 November 2000, and defendant Jean F. Carver was named as her administratrix. Her will ("the Will") contained the following clause, titled Item III[1]:
[A] I will and devise my Person County property to a National Association with the stipulation that the land be developed and maintained perpetually as a wildlife sanctuary. [B] Suggested recipients are: (1) National Audubon Society, 950 Third Avenue, New York 10022; (2) Sierra Club, 1050 Mills Tower, 220 Bush Street, San Francisco, California 94107; (3) National Wildlife Federation, 1412 16th Street N.W., Washington, D.C. 20036. [C] In the event no private group will accept the devise under the conditions stated, I will and devise the tract of land to the Forestry School of North Carolina State University to be developed and maintained perpetually as experimental forest lands.
[D] The name to be given to the property, whether developed as a wildlife sanctuary, or as an experimental forest, is "Timaca"  derived from the names of owners from the time my grandfather homesteaded the property until presentation: Tilley (maiden name of my maternal grandmother), Malone (maternal grandfather's name), and Carver.
The "Person County property" referred to in this passage consists of two pieces of land Ms. Carver owned in fee simple absolute.
Item V of the will contained a residuary clause devising "all the rest and residue" of the property to a Trust created by the same item. It named as trustee the North Carolina National Bank, which was instructed to convert any property to cash and invest ituntil 2005, at which point it was to be liquidated and divided among the children of three named persons.
After Ms. Carver's death, the National Audubon Society, the Sierra Club, and the National Wildlife Federation renounced any interest in the land. Plaintiffs then sought a declaratory judgment that the attempted devise in Item III was void, and thus the land should pass to the residuary trust. Defendants filed separate answers, and then all parties moved for summary judgment.
The superior court held that the first portion (sentences A and B) of the devise concerning the creation of a wildlife sanctuary was "impracticable and impossible to carry out" and thus void, but the final portion (sentence C) created a valid devise of the land to the Forestry School at NCSU. This devise was subject to the condition that the land be used only as experimental forest land; if NCSU ceases to do so, the land will revert to the devisees or heirs of Ms. Carver. The court granted NCSU's motion for summary judgment and denied that of the plaintiffs. Plaintiffs appeal those rulings.

II.
Plaintiffs argue that Item III does not create a valid charitable trust for the benefit of NCSU or any other party because its language is not specific enough in a number of ways. This argument is without merit.

A.
Neither party argues with the trial court's conclusion in its order that sentences A and B do not create a valid devise. Plaintiffs do, however, argue that, because "trust" is not specifically used in these sentences, they do not attempt to create a charitable trust, and thus this Court may not consider the statutes governing such trusts in determining the validity of the devise in sentence C. We disagree.
Although it is true that sentences A and B do not use the express language "establish a trust," they do fulfill "the three elements necessary to establish a valid trust: (1) sufficient words to show intention to create the trust; (2) a definite subject; and (3) an ascertained object." Bland v. Branch Banking & Tr. Co., 143 N.C. App. 282, 288-89, 547 S.E.2d 62, 67 (2001). Further, N.C. Gen. Stat. § 36C-4-405(a) (2005) states that the promotion of health, scientific, or benevolent purposes is a valid purpose for a charitable trust. The trust fails because, as the trial court held, its terms are too vague and make it "impracticable and impossible to carry out[.]" Thus, it is clear that sentences A and B attempt, but fail, to create a valid charitable trust.

B.
N.C. Gen. Stat. § 36C-4-413 (2005) governs when an attempted charitable trust fails:
(a) Except as otherwise provided in subsection (d) of this section, if a charitable trust becomes unlawful, impracticable, impossible to achieve, or wasteful:
(1) The trust does not fail, in whole or in part;
(2) The trust property does not revert to the settlor or the settlor's successors in interest; and
(3) The court may apply cy pres to modify or terminate the trust by directing that the trust property be applied or distributed, in whole or in part, in a manner consistent with the settlor's charitable purposes.
. . .
(d) This section is not applicable if the settlor has provided, either directly or indirectly, for an alternative plan in the event that the charitable trust is or becomes unlawful, impracticable, impossible to achieve, or wasteful. However, if the alternative plan is also a charitable trust and that trust fails, the intention shown in the original plan shall prevail in the application of this section.
(Emphasis added.) Thus, by the plain language of the statute, because Item III provides an alternative plan in sentence C, if sentence C creates a valid trust, that trust may be given effect. The question before this Court, then, is whether the alternative plan created by sentence C may be deemed valid and thus given effect. We hold that it is valid.
Although sentence C does not, as in sentences A and B above, use the express language "establish a trust," it again fulfills "the three elements necessary to establish a valid trust," Bland, 143 N.C. App. at 288, 547 S.E.2d at 67, and its stated purpose is for the promotion of scientific purposes. N.C. Gen. Stat. § 36C-4-405(a). As such, it successfully creates a valid charitable trust.

C.
Plaintiff's final argument is that many of the terms in Item III are vague and uncertain and thus must be considered void. This argument is without merit.
The first portion of this argument concerns terms (e.g., "National Association" and "wildlife sanctuary") that appear in sentences A and B of Item III. As these sentences were expressly found invalid by the trial court in its order and neither party disputes that holding, this argument is irrelevant. Plaintiffs do not explain why such a finding should lead to a conclusion that the entirety of Item III must be invalidated.
As to sentence C, plaintiffs argue that the first portion of the sentence  "In the event no private group will accept the devise under the conditions stated"  is so vague that the rest of the devise must fail. A careful reading of the full Item shows clearly that this phrase refers to the previous two sentences (A and B), which attempt to donate the land to a variety of private groups, and are present in sentence C simply to show that it creates an alternative to the plan in the previous sentences.
Plaintiffs next argue that the other language of sentence C is vague to the point of being void in several ways: It does not describe the land specifically enough; it does not define "experimental forest lands"; it does not identify a method to gauge whether NCSU is using the land as instructed; and it does not state what will become of the land if NCSU ceases to use it as instructed. This argument is without merit. As defendants note, the fact that NCSU was fully aware of this language and accepted the land shows that the university is accepting it subject to the conditions outlined in sentence C. Plaintiffs cite to no law, and this Court has found none, that suggests devises containing conditions must spell out the definitions of terms and create a monitoring system for compliance with the stated conditions.
As to their argument that "Person County property" is not a specific enough identification, plaintiffs neither made this argument to the trial court nor covered it in an assignment of error. The assignments of error referenced by that portion of their argument state that the language used by Item III is vague and impossible to carry out, but the assignments then use the phrase "Person County property" to refer to the property at issue. We do not therefore read them to indicate that plaintiffs believe the phrase is vague, and as such that argument is not covered by any assignment of error. This Court will not therefore hear, for the first time, an argument that this phrase is too vague to be intelligible.

III.
Because the final sentence of Item III of Ms. Carver's will creates a valid charitable trust, we affirm the order of the trial court giving it effect.
Affirmed.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] The letters in brackets have been inserted by this Court for ease of reference in this opinion. They did not exist in the original will.